UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

GENWORTH LIFE INSURANCE
COMPANY OF NEW YORK,

                 Interpleader Plaintiff,

    v.

SKAVON ANDREWS, AVERY
MUHAMMAD, TAURON SMITH,
ANNA STESIA ANDREWS,
NICOLE ANDREWS a/n/f for
MARCELLIS ANDREWS, and
JOHN DOES 1 THROUGH 10,

                 Interpleader Defendants.

_____

6:23-CV-6197-CJS-MWP
DECISION and ORDER

INTRODUCTION

This is an action for interpleader pursuant to 28 U.S.C. § 1335. Now before the Court is a motion (ECF No. 42) by the Interpleader Plaintiff for deposit and discharge pursuant to 28 U.S.C. § 2361. The unopposed application is granted as set forth below.

BACKGROUND

Interpleader Plaintiff Genworth Life Insurance Company of New York ("Genworth") is a New York corporation, with a principal place of business at New York, New York.

Interpleader Defendant and claimant Skavon Andrews ("Ms. Andrews") is domiciled in the State of New York, previously residing at 549 Vintage Lane, Rochester, NY 14615, and currently incarcerated at the Albion Correctional Facility, 3595 State

School Road, Albion, NY 14411. Ms. Andrews was married to Rawleigh Andrews at the time of his death. Docket No. 34 (Skavon Andrew's Answer to the Complaint).

Interpleader Defendant and claimant Avery Muhammad ("Mr. Muhammad"), residing at 971 Forest Glen, Jonesboro, GA 30328, claims to be a son and heir to Rawleigh Andrews. Docket No. 9 at page 3 ("Mr. Avery Muhammad is heir of decedent (Rawleigh Andrews). . . ."); Docket No. 24 at page 2 ("Defendant-Avery Muhammad . . . son and descendant/heir to Rawleigh Andrews, residing at 971 Forest Glen, Jonesboro, GA 30328 is given full-fledged inheritance rights to Rawleigh Andrews Estate. . . .")

Interpleader Defendant and claimant Tauron Smith is a grandson and heir to Rawleigh Andrews, residing at 1463 Route 394, Falconer, NY 14733.

Interpleader Defendant and claimant Anna Stesia Andrews is a granddaughter and heir to Rawleigh Andrews, residing at 40 Glenora Gardens Apt 3, Rochester, NY 14615.

Interpleader Defendant and claimant Marcellus Andrews is a grandson and heir to Rawleigh Andrews, and is a minor residing with his mother, Nicole Andrews, at 93 Cadillac Avenue, Rochester, NY 14606. See Docket No. 32 at page 8 ("If Skavon Andrews is unable to receive life insurance proceeds, then it should be split between the grandchildren, Tauron, AnnStesia, and Marcellus as they would be the ones to receive it since their father Trevino Andrews has passed away.").

On or about February 9, 2012, Genworth issued life insurance policy number M372324 with a death benefit amount of $100,000.00 (the "Policy") to Rawleigh Andrews, who designated his wife, Ms. Andrews, as the primary beneficiary under the Policy. There are no contingent beneficiaries designated.

On or about September 20, 2022, Rawleigh Andrews was found deceased at his home in Rochester, NY. Docket No. 20, Complaint at ¶13. According to the news accounts, the cause of death was a gunshot wound to the head. Id. at ¶ 14. At the time this action was commenced, the decedent's wife, Ms. Andrews, was the sole suspect in the homicide investigation.  Genworth therefore withheld release of the Policy's proceeds. Id. at 17.  Published news reports indicate that Ms. Andrews was later convicted after trial of criminally negligent homicide in the death of Mr. Andrews and sentenced to a prison term of one-to-three years.[1]

On April 10, 2023, Genworth filed this interpleader action pursuant to 28 U.S.C. §§1335, 1397, and 2361. The proceeds under the Policy exceed the sum of $500.00 and two or more of the claimants are of diverse citizenship within the meaning of 28 U.S.C. §§ 1332(a) and 1335.

On June 13, 2024, Genworth filed the subject motion, ECF No. 42.  The application states, in pertinent part, as follows: "[Genworth] hereby files Motion for Leave to Deposit Interpleader Funds and For an Injunction Pursuant to 28 U.S.C. § 2361. G[enworth] further moves that, upon its deposit of Interpleader Funds, that this Court issue an order discharging and dismissing G[enworth] from this action."  Regarding the amount of money to be deposited with the Court, the application states: "[T]he amount of the 'Policy,' the subject of the dispute in this matter, was $100,000.00. Docket No. 20, ¶ 11. The proceeds of the Policy have earned 1% interest since the date of death of 09/20/2022, and as of 06/07/2024, the accrued interest has totaled $1715.07. Accordingly, when G[enworth]

---

[1] See,  https://13wham.com/news/local/greece-woman-sentenced-for-fatally-shooting-husband-in-driveway-skavon-rawleigh-andrews-vintage-lane

deposits the interpleader funds with the Court's leave, the amount of the Policy's proceeds will be slightly higher than $101,715.07." ECF No. 42-1 at p. 6.

On June 14, 2024, the Court issued a Text Order (ECF No. 43) directing that, in accordance with the Local Rules of Civil Procedure, any opposing papers had to be filed within fourteen days after service of the motion. More than fourteen days have now passed, and no opposing papers have been filed.

## DISCUSSION

Genworth is moving pursuant to 28 U.S.C. § 2361 for an order granting leave to deposit funds with the Court and discharging and dismissing Genworth from this action. The legal principles applicable to such an application have been stated as follows:

> 28 U.S.C. § 2361 permits a district court to "to discharge the stakeholder in any civil interpleader action from further liability to claimants." *Solar Spectrum LLC v. AEC Yield Cap. LLC*, No. 18CV7950GBDJLC, 2019 WL 5381798, at *5 (S.D.N.Y. Oct. 22, 2019) (citing *Mendez v. Teachers Ins. and Annuity Ass'n and College Ret. Equities Fund*, 982 F.2d 783, 787 (2d Cir. 1992)). To satisfy the jurisdictional requirements of an interpleader claim, a plaintiff must allege that: (1) it is in possession of a single fund of value greater than $500; (2) the action involves two or more adverse claimants of diverse citizenship; (3) it has deposited or is depositing the fund with the court; and (4) it has a real and reasonable fear of double liability or vexatious, conflicting claims. *See id.* at *4; 28 U.S.C. § 1335.
>
> ***
>
> Generally, when an interpleader plaintiff has satisfied the Section 1335 jurisdictional requirements of an interpleader claim, "[t]he court should readily grant discharge of the stakeholder, unless it finds that the stakeholder may be independently liable to a claimant or has failed to satisfy the various requirements of interpleader ..." *Metro. Life Ins. Co.*, 966 F. Supp. 2d at 103 (internal citations omitted).

*New York City Health & Hosps. Corp. v. Hunt*, No. 23-CV-1450 (JHR) (KHP), 2024 WL 2941271, at *1 (S.D.N.Y. May 24, 2024), *report and recommendation adopted*, No. 23 CIV. 1450 (JHR) (KHP), 2024 WL 3046406 (S.D.N.Y. June 18, 2024). Additionally,

> [u]nder 28 U.S.C. § 2361, a district court may restrain parties in an
> interpleader action "from instituting or prosecuting any proceeding in any
> State or United States court affecting the property, instrument or obligation
> involved in the interpleader action until further order of the court" and to
> "make the injunction permanent." 28 U.S.C. § 2361. This section "enables
> a party meeting the requirements of [§]1335 to obtain a restraining order
> without following the procedures set forth in [Federal Rule of Civil
> Procedure] 65[ ], which normally governs the issuance of injunctive relief."
> *Sotheby's, Inc. v. Garcia*, 802 F. Supp. 1058, 1066 (S.D.N.Y. 1992). "An
> injunction against overlapping lawsuits is desirable to insure the
> effectiveness of the interpleader remedy. It prevents the multiplicity of
> actions and reduces the possibility of inconsistent determinations." *Id*. at
> 1066.

*PMP Corp. 401(K) Profit Sharing Plan v. Kingrasaphone*, No. 3:17-CV-01085 (VAB), 2017 WL 11660831, at *2 (D. Conn. July 11, 2017).

Here, upon Genworth depositing the Policy proceeds with the Court it will have satisfied the Section 1335 jurisdictional requirements of an interpleader claim. Additionally, there is no indication that Genworth may be independently liable to a claimant or that it has otherwise failed to satisfy any requirement of interpleader. Furthermore, no claimant has opposed the application. Consequently, the Court grants the application.

## CONCLUSION

Genworth's application (ECF No. 42) is granted. Genworth is granted leave and directed to deposit the Policy proceeds with the registry of the Court within thirty (30) days. Upon depositing the Policy proceeds with the Court, Genworth is directed to notify the undersigned and submit a proposed order releasing and discharging Genworth from any further liability to any party in this action arising out of the subject Policy, and

permanently enjoining Defendants from initiating any litigation in any forum over the Policy against Genworth.

SO ORDERED.

Dated:     July 15, 2024
           Rochester, New York

CHARLES J. SIRAGUSA
UNITED STATES DISTRICT JUDGE