UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

GENWORTH LIFE INSURANCE
COMPANY OF NEW YORK,

                Interpleader Plaintiff,

     v.                                6:23-CV-6197-CJS-MWP

SKAVON ANDREWS, AVERY                   DECISION and ORDER
MUHAMMAD, TAURON SMITH,
ANNA STESIA ANDREWS,
NICOLE ANDREWS a/n/f for
MARCELLIS ANDREWS, and
JOHN DOES 1 THROUGH 10,

                Interpleader Defendants.

_____

## INTRODUCTION

Now before the Court is a motion for summary judgment by Interpleader Defendant-Cross Claimant Skavon Andrews (ECF No. 64), which Interpleader Defendant-Cross-claimant Avery Muhammad opposes.  For reasons discussed below, the summary judgment motion (ECF No. 64) is granted.

## BACKGROUND

The reader is presumed to be familiar with the Court's past decisions in this action. *See, e.g.*, ECF Nos. 45, 48, 49.  Briefly, this is an action for interpleader pursuant to 28 U.S.C. § 1335 involving the proceeds of a policy of insurance on the life of Rawleigh Andrews ("Mr. Andrews"), deceased, who was killed by his wife, Interpleader Defendant Skavon Andrews ("Ms. Andrews"), the sole named beneficiary of the policy.  The Interpleader Plaintiff, Genworth Life Insurance Company ("Genworth"), deposited the proceeds of the subject life insurance policy with the Court

and has been discharged, leaving only the Interpleader Defendants as parties to this action.

Eventually, only Ms. Andrews and Interpleader Defendant Avery Muhammad ("Muhammad"), who claims to be the son of Rawleigh Andrews, filed cross-claims asserting entitlement to the insurance proceeds.  None of the other Interpleader Defendants did so, despite having been given several opportunities by the Court.

The undersigned then referred the action to the Honorable Colleen D. Holland, United States Magistrate Judge, for all pretrial matters.  On April 9, 2025, Magistrate Judge Holland issued a Scheduling Order directing that all discovery be completed by June 9, 2025, and that all dispositive motions be filed by August 7, 2025. ECF No. 59. Judge Holland later extended the deadline for dispositive motions to September 8, 2025.  ECF No. 63.

On September 8, 2025, Ms. Andrews filed the subject motion for summary judgment, ECF No. 64.  The motion contends that Ms. Andrews is entitled to summary judgment since Muhammad cannot adduce any evidence that Ms. Andrews intentionally or recklessly killed her husband, or that he is a legitimate heir to Rawleigh Andrews. Ms. Andrews served Muhammad with a "Notice to Pro Se Litigant Form" ("*Irby* Notice") as required by Local Rule of Civil Procedure 56(b). ECF No. 66.

On October 14, 2025, Muhammad filed papers opposing the summary judgment motion.  Muhammad devotes the bulk of his submission to the question of paternity, while devoting very little to the question of Ms. Andrew's state of mind at the time of the shooting.  Indeed, Muhammad's argument on that latter point boils down to a bald assertion that Ms. Andrews necessarily intentionally or recklessly killed her husband,

2

since she was convicted of criminally negligent homicide, and since the word "reckless"
can be found in the dictionary as a synonym of the word "negligent." *See*, ECF No. 72
at p. 2 ("Negligent means: failing to give proper care and attention. Synonyms and
similar words : neglectful, careless, lazy, derelict, **RECKLESS**, remiss, lax, slack,
irresponsible, disregardful, oblivious, heedless, forgetful, incautious, inattentive,
thoughtless, unmindful, disinterested, unthinking, indifferent, uninterested, delinquent,
unconcerned, unguarded, apathetic, unwary, disregarding, unheeding, loose.")
(emphasis in original); *see also, id.* at p. 7 ("Negligent means in synonym **RECKLESS**
caused of the [sic] death of her late husband.") (emphasis in original); id. at 17
("However, the court prove Skavon Andrews "Criminally Negligent [RECKLESS] in
Homicide.") (emphasis in original); *id.* a p. 21 ("According to Merriam Webster
"Negligent" synomyms: neglectful, careless, neglecting, last, [sic] derelict, RECKLESS .
. . .") (emphasis in original).

On October 24, 2025, Ms. Andrews filed a reply, ECF No. 73, contending that
Muhammad has failed to raise a triable issue of fact precluding summary judgment.

On October 28, 2025, Muhammad filed a sur-reply, ECF No. 74, in which he
reiterates that "'negligent' [is a] synonym of 'reckless'." *Id.* at p. 2.[1]

The Court has carefully considered the parties' submissions and the entire
record.

DISCUSSION

Ms. Andrews has moved for summary judgment, pursuant to Fed. R. Civ. P. 56,

---

[1] Muhammad did not obtain the Court's permission before doing so, as required by Local Rule of
Civil Procedure 7(a)(6).

which may not be granted unless "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A party seeking summary judgment bears the burden of establishing that no genuine issue of material fact exists. *See Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157, 90 S.Ct. 1598, 26 L.Ed.2d 142 (1970). "[T]he movant must make a *prima facie* showing that the standard for obtaining summary judgment has been satisfied." 11 MOORE'S FEDERAL PRACTICE, § 56.11[1][a] (Matthew Bender 3d ed.). "In moving for summary judgment against a party who will bear the ultimate burden of proof at trial, the movant may satisfy this burden by pointing to an absence of evidence to support an essential element of the nonmoving party's claim." *Gummo v. Village of Depew*, 75 F.3d 98, 107 (2d Cir.1996) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986)), *cert denied*, 517 U.S. 1190 (1996).

Additionally, the movant must demonstrate, and not merely assert, that he is entitled to judgment under the relevant principles of law. *See, Baker v. Anschutz Expl. Corp.*, 68 F. Supp. 3d 368, 373 (W.D.N.Y. 2014) ("While the absence of any genuine dispute of material fact is a precondition for summary judgment, the crux of a summary judgment analysis is whether the movant has established entitlement to judgment as a matter of law.") (quoting 11–56 MOORE'S FEDERAL PRACTICE—CIVIL § 56.20 (Matthew Bender 2014)), adhered to on reconsideration, No. 11-CV-6119 CJS, 2016 WL 981858 (W.D.N.Y. Mar. 15, 2016); *see also, Darley v. U.S.*, No. 22-CV-00714 (PMH), 2025 WL 1159518, at *3 (S.D.N.Y. Apr. 21, 2025) ("Should there be no genuine issue of material fact, the movant must also establish its entitlement to judgment as a matter of law. Simply put, the movant must separately establish that the law favors the judgment

sought.") (citations omitted).

The burden then shifts to the non-moving party to demonstrate "specific facts showing that there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986).[2] To do this, the non-moving party must present evidence sufficient to support a jury verdict in its favor. *Anderson*, 477 U.S. at 249.  The underlying facts contained in affidavits, attached exhibits, and depositions, must be viewed in the light most favorable to the non-moving party. *U.S. v. Diebold, Inc.*, 369 U.S. 654, 655, 82 S.Ct. 993, 8 L.Ed.2d 176 (1962).  Summary judgment is appropriate only where, "after drawing all reasonable inferences in favor of the party against whom summary judgment is sought, no reasonable trier of fact could find in favor of the non-moving party." *Leon v. Murphy*, 988 F.2d 303, 308 (2d Cir.1993).

Turning to the merits of the pending motion, the Court previously explained the substantive underlying legal issues in this action as follows:

> The task before the Court now is to oversee a determination as to who is entitled to receive the proceeds of the insurance policy.  In the Court's view, the answer to the question is either the deceased's wife, Skavon Andrews, or, if she is not entitled to receive the proceeds under New York law, then the deceased's heirs/distributees.  In this regard, as noted earlier, Ms. Andrews is the sole beneficiary under the policy, and therefore she is presumptively entitled to the insurance-contract proceeds unless she is disqualified from doing so based on her involvement in Mr. Rawleigh Andrew's death.
>
> Under the substantive law of New York State, which applies to this action, a person who murders or feloniously causes the death of an insured under

---

[2] "The substantive law governing the case will identify those facts which are material and 'only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment.' *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986)." *Heard v. City of New York*, 319 F.Supp.3d 687, 692 (S.D.N.Y. 2018).

a policy of life insurance is disqualified from receiving the insurance proceeds:

> Under New York law, "one cannot take property by inheritance or will from an ancestor or benefactor whom he has murdered." *Riggs v. Palmer*, 22 N.E. 188, 190 (N.Y. 1889). New York's slayer rule applies to life insurance proceeds, so that "[a] beneficiary of a life insurance policy forfeits his or her right to the proceeds if ... she murders or feloniously causes the death of the insured." *Ganelina v. Pub. Adm'r, N.Y. Cty.*, 963 N.Y.S.2d 545, 550 (Sup. Ct. 2013); *accord, e.g., In re Loud's Estate*, 334 N.Y.S.2d 969, 970 (Sup. Ct. 1972) ("[T]he law [regarding the slayer rule] is the same whether we consider the right to inherit or the right to collect the proceeds of the insurance. Public policy in this state denies benefits in both instances."). The slayer rule rests on the belief that a wrongdoer should not "profit from the death of [her] victim." *In re Estates of Covert*, 717 N.Y.S.2d 392, 394 (App. Div. 2000). The rule is not limited to murder; indeed, courts have applied it to cases involving both first- and second-degree manslaughter. JJG-1994, 2011 WL 3737277, at *3 (collecting cases); *see also In re Rivera*, No. 2006-2296/A, 2015 WL 1637765, at *3 (N.Y. Sur. Ct. Mar. 31, 2015) ("The [slayer] rule ... is generally applied in cases where one intentionally murders another person or causes the death of another person by some felonious or other intentional or reckless criminal conduct."); *In re Timpano*, No. 2008-344, 2013 WL 4779560, at *8 (N.Y. Sur. Ct. Aug. 30, 2013) (noting that, while the slayer rule has been applied to persons who "recklessly cause[ ] ... death," it does not apply to criminally negligent homicide).
>
> The wrongdoer need not be convicted of a crime in order to forfeit her right to collect under a life insurance policy belonging to the victim. *In re Karp*, No. 2005-3737, 2011 WL 5027174, at *3 (N.Y. Sur. Ct. Sept. 22, 2011); *accord* 38 N.Y. Jur. 2d Decedents' Estates § 104 (2d ed. 2017) ("[A] conviction for any form of homicide is not essential to preclude one who kills from inheriting property left by his or her victim."). "Absent a conviction, however, there can be no forfeiture unless it is proven [by a preponderance of the evidence] that a person acted recklessly or intentionally in causing the victim's death, not that the person acted negligently."

*In re Karp*, 2011 WL 5027174, at *3. Further, even if the
wrongdoer was "convicted of a crime which did not constitute a
forfeiture [under the slayer rule]," forfeiture may still be appropriate
if the conduct underlying the conviction in fact falls under the
slayer rule. *In re Wells*, 350 N.Y.S.2d 114, 117 (Sur. Ct. 1973).
For example, in *In re Timpano*, the respondent had pleaded guilty
to criminally negligent homicide, which does not require a showing
of recklessness and which therefore does not automatically lead
to forfeiture. 2013 WL 4779560, at *8. Yet the court reviewed the
facts of the case and determined that the slayer rule barred the
respondent from inheriting from the decedent because his
"reckless conduct caused [the decedent's] death." *Id.* at *10.

*Prudential Ins. Co. of Am. v. Govel*, No. 116CV0297LEKDJS, 2017 WL
2455106, at *4–5 (N.D.N.Y. June 6, 2017) (footnotes omitted).
These principles of law essentially indicate that Skavon Andrews will be
entitled to receive the life insurance proceeds, unless it is proven in this
action, by a preponderance of evidence, that she intentionally or
recklessly caused the death of Rawleigh Andrews.

On this point, the Court understands, from various news reports, that while
Ms. Andrews was charged with intentional homicide, she was only
convicted of criminally negligent homicide.  The caselaw cited above
indicates that a conviction for criminally negligent homicide does not
necessarily disqualify Ms. Andrews from receiving the insurance
proceeds.  Accordingly, the other defendants to this action cannot simply
rely on the fact that she was convicted of criminally negligent homicide.
Instead, in order to show that Ms. Andrews is disqualified from receiving
the insurance proceeds, they would have to show by a preponderance of
evidence that her *actual conduct* resulting in the death of Mr. Andrews
was *intentional or reckless*.

The "preponderance of evidence" standard that applies in civil actions is
easier to satisfy than the "guilt beyond a reasonable doubt" standard that
applies in criminal trials.  What this means is that, even though Ms.
Andrews was apparently found not guilty at trial of intentionally or
recklessly murdering her husband, a claimant in this civil action could still
prove that she acted intentionally or recklessly in killing Mr. Andrews, by
proving that it is more-likely-than-not that she acted intentionally or
recklessly.

7

***

> [However, the] parties need to understand that, in order to succeed in
> challenging Ms. Andrews, they would need to introduce evidentiary proof
> that would be admissible under the Federal Rules of Evidence, showing
> that Ms. Andrews acted intentionally or recklessly, and not merely
> negligently, in causing Mr. Andrews' death.

Decision and Order, ECF No. 48 at pp. 3-7 (underlining emphasis added).

Despite the Court having clearly set forth the relevant legal standard, Mr.
Muhammad has failed to come forward with any evidentiary proof in admissible form
that Ms. Andrews "acted intentionally or recklessly, and not merely negligently, in
causing Mr. Andrews' death."  Rather, he merely argues that he prevails since Ms.
Andrews was convicted of criminally negligent homicide, and since the word "reckless"
is one of many synomyms of the word "negligent."  That is, he contends, based on this
linguistic argument, that Ms. Andrews's conviction for criminally negligent homicide
necessarily establishes that she is disqualified under New York's "slayer law." He has
not produced or identified any other evidence tending to establish Ms. Andrews's state
of mind or actions at the time of the shooting.

However, Muhammad's argument on this point is meritless since, as this Court
has already explained,

> [New York caselaw] indicates that a conviction for criminally negligent
> homicide does not necessarily disqualify Ms. Andrews from receiving the
> insurance proceeds.  Accordingly, the other defendants to this action
> cannot simply rely on the fact that she was convicted of criminally negligent
> homicide.

ECF No. 48 at p. 5.  No reasonable inference can be drawn from the fact of the
conviction alone that Ms. Andrews acted with the required state of mind to
disqualify her.  Without some additional evidence that Ms. Andrews acted

8

intentionally or recklessly in shooting her husband, no reasonable factfinder could find in Muhammad's favor, even assuming *arguendo* that he could establish that he is actually Rawleigh Andrew's son.  Consequently, Ms. Andrews is entitled to summary judgment. *See, Leon v. Murphy*, 988 F.2d at 308 (Indicating that summary judgment is appropriate only where, "after drawing all reasonable inferences in favor of the party against whom summary judgment is sought, no reasonable trier of fact could find in favor of the non-moving party.").

## CONCLUSION

The motion for summary judgment by Skavon Andrews (ECF No. 64) is granted. The Clerk is directed to enter judgment for Ms. Andrews against the remaining Interpleader Defendants in the amount deposited into the Court's registry by Genworth Life Insurance Company of New York, to disburse said deposited funds, with accrued interest, to Ms. Andrews, and to close the action.

SO ORDERED.

February 5 , 2026
Rochester, New York

CHARLES J. SIRAGUSA
UNITED STATES DISTRICT JUDGE